David S. Mepham, OSB No. 930028
Email: dsm@hs-legal.com
Ramon Henderson, OSB No. 183579
Email: rh@hs-legal.com
HODGKINSON STREET, LLC
1620 SW Taylor, Suite 350
Portland, Oregon 97205
Telephone: (503) 222-1143
Fax: (503) 222-1296

<u>Of Attorneys for Defendant Keith Knittle</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CYNTHIA PRECIADO, | Case No. 3:22-CV-01745-JR |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| CONCORDE CAREER COLLEGES, INC., a Foreign Business Corporation; KEITH KNITTLE, an individual, | |
| Defendants. | |

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns claims for personal injury against an individual and two companies. The parties are investigating medical records and private business, personnel, and financial records to evaluate claimed injuries and defenses. The parties expect to exchange documents and information relating to those private medical, personnel, and

Hodgkinson
Street, LLC | 1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

financial records, which could include private records of potential third-party witnesses. The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as Confidential" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN

Hodgkinson
Street, LLC

| 1620 SW Taylor
| Suite 350
| Portland, OR 97205
| (503) 222-1143
| (503) 222-1296 (fax)

PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the  protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

6. "Confidential" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above.

Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by

the Court or by personnel authorized to do so by the Court.

7. Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are

Hodgkinson
Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

stipulated by counsel or authorized by the Court:

      a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

      b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

      d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

      e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action,

      f. The authors and the original recipients of the documents.

      g. Any court reporter or videographer reporting a deposition.

      h. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

      8. Prior to being shown any documents produced by another party marked "Confidential," any person listed under paragraph 7(c) or 7(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9. Whenever information designated as "Confidential" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

      10. Each party reserves the right to dispute the confidential status claimed by any other

Hodgkinson Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

12. Designation by either party of information or documents as "Confidential," or failure to so designate, will not be constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential."

Hodgkinson Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

13. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of confidential documents.

14. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

So stipulated:

This 3rd day of March 2023.

KAFOURY & McDOUGAL

*/s/ Mark G. McDougal*

_____

Gregory Kafoury, OSB 741663
kafoury@kafourymcdougal.com
Mark G. McDougal, OSB 890869
mcdougal@kafourymcdougal.com

*Attorney for Plaintiff*

Page 6 – **STIPULATED PROTECTIVE ORDER**

Hodgkinson
Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

FAIN ANDERSON VanDERHOEF
ROSENDAHL O'HALLORAN
SPILLANE, PLLC

HODGKINSON STREET MEPHAM, LLC

/s/ Eron Z. Cannon

/s/ David S. Mepham

Eron Z. Cannon, OSB 145794
eron@favros.com
Michelle M. Garzon, OSB #051591
shelly@favros.com

David S. Mepham, OSB 930028
dsm@hs-legal.com
Ramon B. Henderson, III, OSB 183579
rh@hs-legal.com

*Attorneys for Defendant Concord Career
Colleges, Inc.*

*Attorneys for Defendant Keith Knittle*

Hodgkinson
Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

IT IS SO ORDERED.

DATED:   3/6/2023.

/s/ Jolie A. Russo
Jolie A. Russo
U.S. Magistrate Judge

Hodgkinson
Street, LLC

1620 SW Taylor
Suite 350
Portland, OR 97205
(503) 222-1143
(503) 222-1296 (fax)

EXHIBIT A

I, _____ ,have been advised by counsel of record for _____, of the protective
order governing the delivery, publication, and disclosure of confidential documents and
information produced in this litigation. I have read a copy of the protective order and agree to
abide by its terms.


Signed
Printed
Name Date

Dated this ___ day of _____, 2023

Hodgkinson
Street, LLC

| 1620 SW Taylor
| Suite 350
| Portland, OR 97205
| (503) 222-1143
| (503) 222-1296 (fax)